UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA



# **NOTICE TO COUNSEL**

The attached Conference and Scheduling Order contains a number of important changes required by recent amendments to the Federal Rules of Civil Procedure, effective December 1, 2000. Additional amendments became effective August 1, 2001.

Counsel should carefully review the Order and note all deadlines on a calendaring system.

Counsel should also review the referenced rules and become familiar with these significant changes.

The amended Local Civil Rules for the District of South Carolina are available at:
www.scd.uscourts.gov.

s/Mary Geiger Lewis
United States District Judge

January 21, 2026
Aiken, South Carolina

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Brandon Jerriod Johnson<br>*as an individual* | )<br>)<br>) | C/A No. <u>1:25-cv-11481-MGL</u> |
| Plaintiff, | )<br>) | |
| -versus- | )<br>)<br>) | **CONFERENCE AND<br>SCHEDULING ORDER** |
| Backgroundchecks.com, | )<br>) | |
| Defendant. | | |

Pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, the following schedule is established for this case. Discovery may begin upon receipt of this order.

1. A conference of the parties pursuant to Fed.R.Civ.P. 26(f) shall be held no later than **February 10, 2026**.[1] At conference the parties shall confer concerning all matters set forth in Fed.R.CivP. 26(f) and whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary.[2]

2. No later than **February 24, 2026** the required initial disclosures under Fed.R.Civ.P. 26(a)(1) shall be made.[3]

3. No later than **February 24, 2026** the parties shall file a Rule 26(f) Report in the form attached to this order. Parties are hereby notified that Local Civil Rule 26.03 lists additional queries to be answered in the Rule 26(f) Report.

---

[1] Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances.

[2] The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge. See attached Notice of Availability of United States Magistrate Judge.

[3] Pursuant to Fed.R.Civ.P. 26(a)(1), the parties may, by stipulation, agree not to make some or all of the Rule 26(a)(1) initial disclosures. If such a stipulation is made, it shall be confirmed in writing between the parties. See Fed.R.Civ.P. 29 and Local Civil Rule 29.01.

C/A 1:25-cv-11481-MGL
Conference and Scheduling Order; Page 2

4. Motions to join other parties and amend the pleadings (Fed.R.Civ.P.16(b)(3)(A)) shall be filed no later than **March 23, 2026**.[4]

5. Plaintiff(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Plaintiff(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **April 20, 2026**.

6. Defendant(s) shall file and serve a document identifying by full name, address, and telephone number each person whom Defendant(s) expects to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to other parties by **May 20, 2026**.

7. Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **May 20, 2026**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (See Fed.R.Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3)).

8. Discovery shall be completed no later than **July 20, 2026**. All discovery requests shall be served in time for the responses thereto to be served by this date. De bene esse depositions must be completed by discovery deadline. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02 and have had a telephone conference with Judge Lewis in an attempt to resolve the matter informally. **The request for a telephone conference should be made within the time limit prescribed by local rule for filing such a motion. Attorneys should send a request for a telephone conference via e-mail to Lewis_ecf@scd.uscourts.gov.**

9. Motions in limine must be filed no later than **September 30, 2026**. Written responses are due seven (7) days thereafter.

10. All other motions, except those to complete discovery, those nonwaivable motions made pursuant to Fed.R.Civ.P. 12, and those relating to the admissibility of evidence at trial, shall be filed on or before **August 03, 2026**. (Fed.R.Civ.P.16(b)(3)(A)).

11. Mediation shall be completed in this case on or before **October 02, 2026**. See the Mediation Order filed in this case which sets forth mediation requirements.

---

[4] As a general rule, when no timely response is filed to any motion, the Court will grant the motion with the notation that it is being "granted *without opposition*."

C/A 1:25-cv-11481-MGL  
Conference and Scheduling Order; Page 3

12. No later than **October 19, 2026** the parties shall file and exchange Fed.R.Civ.P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed.R.Civ.P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed.R.Civ.P. 32(a)(6).

13. Parties shall furnish the Court pretrial briefs seven (7) days prior to the date set for jury selection (Local Civil Rule 26.05). Attorneys shall meet at least seven (7) days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. See Local Civil Rule 26.07.

14. This case is subject to being called for jury selection and/or trial on or after **October 21, 2026**.

                                       s/Mary Geiger Lewis  
                                       United States District Judge

Dated: **January 21, 2026**  
Aiken, South Carolina

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

|  |  |  |
|---|---|---|
| Brandon Jerriod Johnson<br>*as an individual,* | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CA 1:25-cv-11481-MGL <br><br> **RULE 26(f) REPORT** |
| Plaintiff(s), |  |  |
| -versus- |  |  |
| Backgroundchecks.com, |  |  |
| Defendant. |  |  |

The parties, having consulted pursuant to Rule 26(f), Fed. R. Civ. P., hereby report as follows (check one below):

_____     We agree that the schedule set forth in the Conference and Scheduling Order filed **January 21, 2026** is appropriate for this case. **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

_____     We agree that the schedule set forth in the Conference and Scheduling Order filed **January 21, 2026** requires modification as set forth in the attached proposed Consent Amended Scheduling Order (use format of the Court's standard scheduling order attached hereto). **The parties' proposed discovery plan as required by Fed. R. Civ. P. Rule 26(f) and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

_____     We are unable, after consultation, to agree on a schedule for this case. We, therefore, request a scheduling conference with the Court. **The parties' proposed discovery plan as required by 26(f) Fed. R. Civ. P., with disagreements noted, and the information required by Local Civil Rule 26.03 will be separately filed by the parties.**

(SIGNATURE PAGE ATTACHED)

<table>
<tr><td align="center">**PLAINTIFF(S)**</td><td align="center">**DEFENDANT(S)**</td></tr>
</table>

_____
*Signature of Plaintiff's Counsel*

_____
*Printed Name of Plaintiff's Counsel and Party Represented*

_____
*Signature of Plaintiff's Counsel*

_____
*Printed Name of Plaintiff's Counsel and Party Represented*

_____
*Signature of Plaintiff's Counsel*

_____
*Printed Name of Plaintiff's Counsel and Party Represented*

_____
*Signature of Plaintiff's Counsel*

_____
*Printed Name of Plaintiff's Counsel and Party Represented*

*Dated:* _____

_____
*Signature of Defendant's Counsel*

_____
*Printed Name of Defendant's Counsel and Party Represented*

_____
*Signature of Defendant's Counsel*

_____
*Printed Name of Defendant's Counsel and Party Represented*

_____
*Signature of Defendant's Counsel*

_____
*Printed Name of Defendant's Counsel and Party Represented*

_____
*Signature of Defendant's Counsel*

_____
*Printed Name of Defendant's Counsel and Party Represented*

*Dated:* _____

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

UNITED STATES DISTRICT COURT
for the
District of South Carolina

| | |
|---|---|
| Brandon Jerriod Johnson *as an individual,*                Plaintiff <br> v. <br> Backgroundchecks.com, <br><br>               Defendant | ) ) ) ) ) ) )   Civil Action No: <u>1:25-cv-11481-MGL</u> |

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

    *Notice of a magistrate judge's availability*. A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

    You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

    Consent to a magistrate judge's authority. The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| Parties' printed names | Signatures of parties or attorneys | Dates |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Reference Order**

    **IT IS ORDERED**: This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

                                                                                                                                                                     _____
                                                                                                                                                                  District Judge's signature

                                                                                                                            _____
                                                                                                                                 Printed name and title

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| **Brandon Jerriod Johnson** *as an individual* | ) ) ) ) | |
| | ) | C/A No. 1:25-cv-11481-MGL |
| Vs. | ) ) ) | **ORDER TO CONDUCT MEDIATION** |
| **Backgroundchecks.com** | ) ) ) | |

    A mediation is to be completed in this matter in accordance with the time limits set forth in the scheduling order issued in this case. Upon completion of the mediation, counsel shall advise the court in writing only that the mediation has occurred, the date of the mediation, whether the case was settled in whole or in part, and whether a trial is necessary.

    Attorneys primarily responsible for handling the trial, parties and/or insurer representatives with full settlement authority[1] are ORDERED to be present in person and will be excused only for good cause shown. Every person who is excused from attending in person must be available to participate by telephone, unless otherwise ordered. At the mediation, primary trial counsel, along with parties and/or their insurer representatives, should be prepared to participate in a mutual, good faith effort to negotiate a fair and reasonable settlement. All necessary discovery must be completed prior to mediation. Lack of discovery or settlement authority is no excuse for failure to appear and/or participate. See Local Rule 16.09 DSC.

    Communications made in connection with or during the mediation are confidential and protected by Federal Rule of Evidence 408, Local Rule 16.08(c) DSC, and Federal Rule of Civil Procedure 68. If a settlement is not reached at the mediation, settlement discussions are neither admissible at trial nor to be disclosed to the presiding judge, see Local Rules 16.08(c) and 16.10 (h) DSC, except as allowed by Local Rule 26.05(f) DSC.

---

[1] "Full settlement authority" for the defendant means an individual who can decide to offer the plaintiff a sum up to the existing demand of the plaintiff or the policy limits of any applicable insurance policy, whichever is less. "Full settlement authority" for the plaintiff means the plaintiff himself or herself or a representative of the plaintiff who can make a binding decision on behalf of the plaintiff or plaintiffs.

If any reason exists why any person, party or counsel subject to this Order should not participate in this mediation, the court is to be advised of these reasons in writing immediately.

Notices have been mailed to all counsel of record and any *pro se* parties. Counsel are responsible for notifying and ensuring the presence of parties and/or insurer representatives as described above.

Any questions concerning the selection of a mediator or the mediation process generally should be referred to the court's ADR Program Coordinator, Billie Goodman, at (803) 253-3491.

**AND IT IS SO ORDERED**.


                                    s/MARY GEIGER LEWIS
                                    UNITED STATES DISTRICT JUDGE


January 21, 2026
Aiken, South Carolina